## STATE OF CONNECTICUT *v.* MICHAEL JOHNSON (9882)

DALY, FOTI and LANDAU, Js.

Argued November 7, 1991—decision released January 21, 1992

*Linda P. Stambovsky,* with whom, on the brief, was *Patricia Buck Wolf,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's

attorney, and *James Turcotte,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant, Michael Johnson, appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] On appeal, the defendant raises the following claims: (1) the trial court improperly denied his motion for judgment of acquittal because the evidence presented at trial was insufficient to allow the jury to find the defendant guilty of sexual assault in the first degree and assault in the first degree beyond a reasonable doubt; and (2) his right to due process was violated by the failure of the state health services' laboratory to preserve potentially useful evidence. We disagree.

The jury could reasonably have found the following facts. The defendant was the boyfriend of the victim's cousin and he and the victim had known one another for approximately four years. On the March 23, 1990, the victim had misplaced the key to her apartment. In order to gain entry to the apartment, neighbors helped her break down the door. The defendant arrived shortly thereafter. At his suggestion, the door was then nailed shut. The only remaining access to the apartment was through the rear door. The defendant then sexually assaulted the victim at knifepoint. During the course of the attack both of the victim's hands were severely cut with the knife.

---

[1] The jury also returned a verdict of guilty of one count of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70. The trial court granted the defendant's motion for judgment of acquittal as to this count, concluding that this conviction merged with the conviction of sexual assault in the first degree.

After helping the victim wash the blood from her hands, the defendant left the apartment. He returned shortly thereafter to retrieve his knife. The victim, although fearful, admitted the defendant because he blocked her only means of escape from the apartment. He retrieved his knife and left. The victim waited fifteen minutes and then wrapped her hands in a towel and went to her sister's nearby apartment to call the police. The victim was taken to Yale-New Haven Hospital, where she underwent surgery on her hands and a gynecological examination. The samples obtained during the exam were taken to the state laboratory for testing.

Connecticut courts have consistently employed a two-part analysis in appellate review of the sufficiency of the evidence to sustain a criminal conviction. Whether we review the findings of the trial court or the verdict of a jury, our underlying task is the same. *State* v. *Evans,* 203 Conn. 212, 238, 523 A.2d 1306 (1987). We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. *State* v. *Owens,* 25 Conn. App. 181, 192, 594 A.2d 991 (1991). We then decide whether, on the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Famiglietti,* 219 Conn. 605, 609, 595 A.2d 306 (1991); *State* v. *Jarrett,* 218 Conn. 766, 770–71, 591 A.2d 1225 (1991), and cases cited therein.

It is for the jury to determine the credibility and the effect to be given the testimony. *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979). Moreover, it is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from the

facts proven. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *State* v. *Ruth,* 16 Conn. App. 148, 154, 547 A.2d 548 (1988), cert. denied, 209 Conn. 827, 552 A.2d 434 (1989). A reviewing court cannot retry the case or pass on the credibility of a witness. *State* v. *Myers,* 193 Conn. 457, 473, 479 A.2d 199 (1984); *State* v. *Robinson,* 14 Conn. App. 40, 41, 539 A.2d 606, cert. denied, 488 U.S. 899, 109 S. Ct. 244, 102 L. Ed. 2d 233 (1988). This court does "not sit as a [seventh] juror, and [does] not ask whether [it] believe[s] the evidence established guilt beyond a reasonable doubt, but rather, whether, after viewing the evidence in the light most favorable to the state, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *State* v. *Lynch,* 21 Conn. App. 386, 400, 574 A.2d 230, cert. denied, 216 Conn. 806, 508 A.2d 63 (1990).

In order for the defendant to be convicted of sexual assault in the first degree, the state must prove beyond a reasonable doubt that the defendant (1) compelled the victim to engage in sexual intercourse (2) by use of force or threat of force. See General Statutes § 53a-70 (a) (1). For the defendant to be convicted of assault in the first degree, the state must prove beyond a reasonable doubt that (1) with the intent to cause serious physical injury (2) to another person (3) he caused such injury to that person (4) by means of a dangerous instrument. See General Statutes § 53a-59 (a) (1); *State* v. *Gooch,* 186 Conn. 17, 25, 438 A.2d 867 (1982).

Given the victim's testimony and the medical testimony at trial, the jury could reasonably have found that the defendant intentionally stabbed the victim in the hands with a knife thereby causing serious physical injury by means of a dangerous instrument. The jury also could have found that the defendant sexually assaulted the victim through force or threat of force.

Thus, there was sufficient evidence adduced to substantiate a guilty verdict of both sexual assault in the first degree and assault in the first degree.

The defendant next claims that the failure of the state laboratory to preserve potentially useful evidence violated his constitutional right to due process, even absent a showing of bad faith. Specifically, the defendant claims that the failure to preserve a sample of the smear taken from the victim during her physical examination[2] precluded him from conducting a DNA comparison necessary to exculpate himself.

Prior to trial, the defendant filed a motion for discovery and inspection requesting, inter alia, "[c]opies of any and all results or reports of scientific tests, experiments or comparisons made in connection with this matter which are within the possession, custody or control of any governmental agency and which are intended for use by the prosecuting authority as evidence at the Defendant's trial or which are material to the preparation of the defense." The state provided the defendant with a final copy of the state laboratory report of the results of the tests that were conducted on the evidence provided by the victim, pursuant to that request. Six months later, the defendant filed a motion to obtain nontestimonial evidence in order to conduct a DNA test comparing his blood and bodily fluids to those recovered from the victim. During a hearing on this motion, the state's attorney indicated that it was his understanding that, in performing the tests already conducted the samples were necessarily destroyed in the process, but that he was unsure whether there were any untested samples remaining. The trial court deferred its ruling on the motion in order to allow the

---

[2] The victim was examined approximately ten hours after she was brought to the hospital. During the interim she underwent surgery to repair the damage done to her hands.

defendant to investigate whether there were any remaining samples. Two days later, the defendant withdrew his motion without offering a supporting reason for the record.[3]

The defendant's claim that it was a violation of due process to destroy the samples was never raised at trial. Thus, this claim was not properly preserved for appellate review. Defense counsel was silent as to the reasons for the withdrawal of his motion. "When the principal participant in the trial whose function it is to protect the rights of his client does not deem an issue harmful enough to press in the trial court, the appellate claim that the same issue clearly deprived the defendant of a fundamental constitutional right and a fair trial . . . is seriously undercut. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Safford,* 22 Conn. App. 531, 539, 578 A.2d 152 (1990); *State* v. *Chapman,* 16 Conn. App. 38, 48, 546 A.2d 929 (1988); *State* v. *Huff,* 10 Conn. App. 330, 338, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). Appellate review of the claim without the defendant's ever having brought it to the attention of the trial court would be tantamount to an ambuscade of the trial court. See *State* v. *Safford,* supra.

Moreover, because the defendant does not seek review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), or under the plain error rule of Practice Book § 4185, we decline to review this claim.[4] See *State* v. *Lizotte,* 200 Conn. 734, 742A, 517 A.2d 610 (1986); *State* v. *Maisonet,* 16 Conn. App. 89, 97, 546

---

[3] There is no evidence to indicate whether there were any untested samples remaining.

[4] Even if this court felt compelled to address this claim pursuant to either of these alternative routes, or sua sponte, the defendant has provided us with no record to sustain such a review.

A.2d 951, cert. denied, 209 Conn. 816, 550 A.2d 1086 (1988), cert. denied, 489 U.S. 1014, 109 S. Ct. 1127, 103 L. Ed. 2d 189 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.