## STATE OF CONNECTICUT *v.* HOWARD ALLEN
## (9636)

FOTI, LANDAU and HEIMAN, Js.

Argued April 28—decision released June 30, 1992

*Susan B. Marhoffer,* special public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Stephen J. Sedensky III,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from the judgment of the trial court, rendered after a jury trial, of manslaughter in the first degree in violation of General Stat-

utes § 53a-55 (a) (1).[1] In his appeal, the defendant sets forth two claims. He first claims that the cumulative effect of numerous trial errors, including (1) the trial court's instruction that the state seeks only the conviction of the guilty, (2) the trial court's failure to instruct the jury on the defense of intoxication, (3) outbursts by one of the state's witnesses while testifying, and (4) the admission of autopsy photographs, resulted in the denial of his constitutionally guaranteed right to a fair trial. The defendant also claims that the evidence presented at trial was insufficient as a matter of law to sustain his conviction of manslaughter in the first degree. We disagree with both of the defendant's claims.

The jury could reasonably have found the following facts. In the afternoon and evening of October 21, 1989, the defendant, the victim and several other individuals were drinking and smoking crack cocaine in the Bridgeport apartment of the victim's brother. During the afternoon, the defendant, the victim and two of the victim's female cousins were drinking, listening to records and dancing in the victim's bedroom. At some point during either the afternoon or early evening, the defendant left the apartment to purchase more alcohol and the victim and one of his cousins went to a local bar. All returned to the apartment sometime that evening and continued to consume alcohol in the kitchen of the apartment. At approximately 10 p.m. that evening, a fight ensued between the defendant and the victim over the defendant's crude conduct toward the victim's two cousins. The victim repeatedly asked the defendant to leave. The defendant refused.

[1] General Statutes § 53a-55 provides in relevant part: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

The defendant lunged at the victim but was intercepted by the victim's cousins. He shoved the women away, grabbed a pot that was drying on the kitchen counter and threw it at them. He then pulled a knife out of his back pocket and stabbed the victim twice, once in the chest and once in the stomach. The victim fell to the floor between the kitchen and the adjoining hallway and the defendant jumped on top of him and stabbed him a third time. The third stab wound was also to the chest. The defendant then returned to the kitchen, wiped off the knife and put it back in his pocket, grabbed his jacket and fled from the apartment. Two days later, the defendant learned of the victim's death and surrendered to the police. The defendant was subsequently charged with and convicted of manslaughter in the first degree. He was sentenced to twenty years of incarceration.

The defendant first raises a four part claim pertaining to the constitutionally guaranteed right to a fair trial. U.S. Const., amend. XIV. Part one of this claim involves the trial court's instruction that the state seeks the conviction of only the guilty. The defendant's claim regarding this instruction was not raised at trial. The defendant, therefore, seeks review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). We conclude that this claim must fail because the defendant has failed to meet the third prong of *State* v. *Golding,* supra, 240, that the alleged constitutional violation "clearly exists and clearly deprived the defendant of a fair trial" and does not constitute plain error. Practice Book § 4185.

"Where a defendant neither requests a specific instruction nor objects to the instruction that was given, reversal is warranted only if the defendant demonstrates that he was deprived of a fundamental constitutional right or that there is plain error. Practice Book

§ 4185; *State* v. *Grullon,* 212 Conn. 195, 211, 562 A.2d 481 (1989); *State* v. *Preyer,* 198 Conn. 190, 196–97, 502 A.2d 858 (1985)." *State* v. *McFadden,* 25 Conn. App. 171, 176, 293 A.2d 979 (1991). "Our review of the defendant's claim is guided by the established rule that jury instructions are not to be subjected to microscopic examination with an eye toward discovering possible inaccuracies. Rather, we consider whether it was reasonably possible that the charge as a whole misled the jury. *State* v. *Ortiz,* 217 Conn. 648, 667, 588 A.2d 127 (1991); *State* v. *Dyson,* 217 Conn. 498, 501, 586 A.2d 610 (1991)." *State* v. *Castonguay,* 218 Conn. 486, 498, 590 A.2d 901 (1991).

The defendant directs our attention to the following language in the trial court's charge to the jury: "The state of Connecticut and its people look to you as sworn officers of the court to deal with this case fairly, firmly and honestly as strong minded men and women and with the interest placed in your hands as an arm of the court to aid and uphold the law of the land by rendering a verdict of guilty if the facts and the law require such a verdict. *The state does not desire the conviction of innocent people* or of any person whose guilt upon the evidence is in the realm of reasonable doubt." (Emphasis added.) The defendant argues that this statement deprived him of his constitutional right to have the state prove every element of the charged offense beyond a reasonable doubt; *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Carpenter,* 214 Conn. 77, 82, 570 A.2d 203 (1990); *State* v. *Anderson,* 212 Conn. 31, 36, 561 A.2d 897 (1989); *State* v. *DelVecchio,* 191 Conn. 412, 419, 464 A.2d 813 (1983); in that it shifted to the defendant the burden of proving his innocence. We disagree.

After a review of the court's charge as a whole, we conclude that the court's instructions could not possibly have misled the jury. See *State* v. *Tweedy,* 219 Conn.

489, 510–11, 594 A.2d 906 (1991); *State* v. *Anderson,* supra, 38. The court did not instruct that the state *prosecutes* only guilty people, but rather that the state requires the *conviction* of only the guilty. Moreover, the court thoroughly informed the jury of the defendant's presumed innocence and that the state bore the burden of proving the defendant's guilt beyond a reasonable doubt. Viewing the charge as a whole, we conclude that there is no reasonable possibility that the jury was misled regarding the burden of proof. Thus, the defendant has failed to satisfy the third *Golding* condition by demonstrating that any alleged constitutional violation "clearly exists and clearly deprived the defendant of a fair trial . . . ." *State* v. *Golding,* supra. Necessarily, then, this claim must fail.

We decline to review the second and third portions of this first claim, regarding the trial court's failure to instruct the jury on the defense of intoxication and the outbursts by one of the state's witnesses during his testimony, because these challenged actions were never raised at trial, the defendant has not sought appellate review pursuant to *State* v. *Evans,* supra, and *State* v. *Golding,* supra, and these claims do not implicate the plain error doctrine of Practice Book § 4185. It is not this court's practice or obligation to review an inadequately preserved claim where the challenged action does not constitute plain error. See *State* v. *Johnson,* 26 Conn. App. 433, 438–39, 602 A.2d 36 (1992), citing *State* v. *Lizotte,* 200 Conn. 734, 742A, 517 A.2d 610 (1986), and *State* v. *Maisonet,* 16 Conn. App. 89, 97, 546 A.2d 951, cert. denied, 209 Conn. 816, 550 A.2d 1086 (1988), cert. denied, 489 U.S. 1014, 109 S. Ct. 1127, 103 L. Ed. 2d 189 (1989).

"The [appellate] court may in the interests of justice notice plain error not brought to the attention of the trial court." Practice Book § 4185. "Such review is reserved for truly extraordinary situations where the

existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); see also *State* v. *Jeffrey,* 220 Conn. 698, 710–11, 601 A.2d 993 (1991); *State* v. *Ortiz,* supra, 659–60; *State* v. *King,* 216 Conn. 585, 591, 583 A.2d 896 (1990). The errors claimed here do not merit such review.

We next turn to the final portion of the defendant's first claim, that the trial court improperly permitted the state to introduce an autopsy photograph of the victim. At trial the defendant argued that the court should not admit the autopsy photograph of the victim into evidence because "it seems to highlight the location of the wounds and it exacerbates the situation by showing the presence of the wounds." The state argued that the photograph was material to show the defendant's intent to cause serious physical injury, which was an element of the state's burden of proof. See, e.g., *State* v. *McKenna,* 11 Conn. App. 122, 138–39, 525 A.2d 1374, cert. denied, 205 Conn. 806, 531 A.2d 939 (1987).

In *State* v. *DeJesus,* 194 Conn. 376, 481 A.2d 1068 (1984), our Supreme Court discussed extensively the rules pertaining to the admissibility of photographic evidence and held that photographic evidence is admissible where the photograph has "a reasonable tendency to prove or disprove a material fact in issue or shed some light upon some material inquiry. Note, 73 A.L.R.2d 769, 787." *State* v. *DeJesus,* supra, 381. The court also noted that there is no requirement in this state that a potentially inflammatory photograph be essential to the state's case in order for it to be admissible; rather, "the test for determining the admissibility of the challenged evidence is relevancy and not necessity. *State* v. *Piskorski,* 177 Conn. 677, 701, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979)." *State* v. *Haskins,* 188 Conn.

432, 453, 450 A.2d 828 (1982); *State* v. *Doehrer,* 200 Conn. 642, 649, 513 A.2d 58 (1986); *State* v. *Falcon,* 196 Conn 557, 565–66, 494 A.2d 1190 (1985); *State* v. *Delgado,* 8 Conn. App. 273, 288–89, 513 A.2d 701 (1986); see *State* v. *Walker,* 206 Conn. 300, 314–15, 537 A.2d 1021 (1988).

Upon a defendant's objection, the prosecution must show that the photographic evidence offered is relevant to its case. "The trial court exercises a broad discretion in admitting such evidence, and its determination will not be disturbed on appeal unless a clear abuse of that discretion is shown. *State* v. *Piskorski,* supra, 700–701; *State* v. *Smith,* 174 Conn. 118, 123, 384 A.2d 347 (1977).

The defendant's objection was fully argued before the trial court. In exercising its discretion, the trial court found that the photograph was relevant and material to the intent element of the charge of manslaughter, which the state was required to prove beyond a reasonable doubt. See General Statutes § 53a-55 (a) (1). Implicit in the court's admission of the photograph was a finding that its value as evidence outweighed any prejudicial effect it might have had on the jury. See *State* v. *DeJesus,* supra, 383.

We have examined the photograph and agree with the trial court that it was relevant to the issue of intent, an essential element of the charge of manslaughter.[2]

---

[2] A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct. General Statutes § 53a-3 (11). Accordingly, our Supreme Court has recognized that intent is ordinarily proven through circumstantial evidence: " 'Intent is a mental process which ordinarily can be proven only by circumstantial evidence. An intent to cause death may be inferred from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading to and immediately following the death.' *State* v. *Zdanis,* [182 Conn. 388, 396, 438 A.2d 696 (1980), cert. denied, 450 U.S. 1003, 101 S. Ct. 1715, 68 L. Ed. 2d 207 (1981)]; see, e.g.,

There is nothing in the record to support an allegation that the trial court abused its discretion in admitting the photograph into evidence.

"Because we find that none of the challenged trial court actions was improper, we conclude that the cumulative impact of those actions did not deny the defendant a fair trial. *State* v. *Harris,* 182 Conn. 220, 230–33, 438 A.2d 38 (1980); *State* v. *Hudson,* 14 Conn. App. 463, 472, 541 A.2d 534 (1988); *State* v. *Robinson,* 14 Conn. App. 146, 149–51, 539 A.2d 1037, cert. denied, 208 Conn. 805, 545 A.2d 1101 (1988)." *State* v. *Harvey,* 27 Conn. App. 171, 185–86, 605 A.2d 563 (1992).

The defendant's second claim is that there was insufficient evidence presented at trial to warrant a conviction of manslaughter in the first degree. Specifically, the defendant maintains that the state failed to prove his intent to cause serious physical injury as required by General Statutes § 53a-55 (a) (1). We disagree.

Our Supreme Court has concisely summed up our scope of review for such claims. "When a claim on appeal challenges the sufficiency of the evidence, we undertake a two part task. 'We first review the evidence presented at trial, construing it in the light most favorable to sustaining the jury's verdict. We then determine whether, upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt.'" *State* v. *Simino,* 200 Conn. 113, 116–17, 509 A.2d 1039 (1986); see also *State* v. *Johnson,*

*State* v. *Holley,* [174 Conn. 22, 26, 381 A.2d 539 (1977)]." *State* v. *Bzdyra,* 165 Conn. 400, 404–405, 334 A.2d 917 (1973); *State* v. *Litman,* 106 Conn. 345, 352–53, 138 A. 132 (1927). These inferences are necessary because the direct evidence of the accused's state of mind is rarely available. See *State* v. *Rodriguez,* 180 Conn. 382, 404, 429 A.2d 919 (1980); *State* v. *Bzdyra,* supra, 403.

26 Conn. App. 433, 435, 602 A.2d 36, cert. denied, 221 Conn. 916, 603 A.2d 747 (1992). "With respect to the type of evidence the jury employs to reach its verdict, it is immaterial to the probative force of that evidence that it be, in whole or part, circumstantial rather than direct." *State* v. *Jupin,* 26 Conn. App. 331, 337, 602 A.2d 12 (1991), quoting *State* v. *Allen,* 216 Conn. 367, 381, 579 A.2d 1066 (1990).

In order to convict the defendant of manslaughter in the first degree as charged in the present case, the state was required to prove that (1) the defendant intended to cause serious physical injury to the victim, and (2) with that intent, the defendant caused the victim's death. See General Statutes § 53a-55 (a) (1). The only issue in contention at trial was whether the defendant intended to cause serious physical injury to the victim. The intent to cause serious physical injury required for a conviction of manslaughter in the first degree under § 53a-55 (a) (1), by definition, required a jury's finding that the defendant caused a "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of a bodily organ." General Statutes § 53a-3 (4).

The defendant's argument that the evidence was insufficient to establish his intent to cause serious physical injury is flawed. "Intent may be inferred from the conduct of the accused. *State* v. *Carpenter,* [supra, 82]; *State* v. *Cofone,* 164 Conn. 162, 164, 319 A.2d 381 (1972). Ordinarily, the intent of the actor is a question for the trier of fact. *State* v. *Avcollie,* 178 Conn. 450, 466, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980)." *State* v. *Woods,* 25 Conn. App. 275, 281, 594 A.2d 481 (1991); *In re Keijam T.,* 221 Conn. 109, 602 A.2d 967 (1992). It is axiomatic that a factfinder may infer an intent to cause serious physical injury from circumstantial evidence

such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading up to and immediately following the incident. See *In re Edwin N.*, 215 Conn. 277, 284, 575 A.2d 1016 (1990).

In this case, the circumstantial evidence was more than sufficient to sustain a jury's finding the requisite intent to cause serious physical injury to the victim. There was evidence that the victim requested that the defendant leave his apartment but that the defendant refused to go, that an argument ensued between the defendant and the victim and that the victim's cousins attempted to intervene but that each was shoved out of the way by the defendant in his attempt to reach the victim. There was also evidence before the jury that the defendant stabbed the victim, who was unarmed, twice with a knife that he had removed from his back pocket, that the victim fell to the floor and that the defendant then stabbed the victim, who was still unarmed, for the third time. The jury also had before it the autopsy photograph of the victim's wounds and the testimony of the medical examiner that these three stab wounds, two to the chest and the third to the stomach, were the direct cause of the victim's death. Additionally, the jury heard testimony that after the defendant stabbed the victim for the third time, he returned to the kitchen, wiped off the blade of his knife, put it back into his pocket, retrieved his coat and ran out of the apartment. On the basis of all the evidence, we conclude that the jury had before it sufficient evidence to permit a finding that the defendant intended to cause serious physical injury to the victim, and therefore to permit a conviction of manslaughter in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.