## STATE OF CONNECTICUT *v.* SCOTT BRIAN WOLFF
## (10780)

DUPONT, C. J., HEIMAN and FREEDMAN, Js.

Argued September 29—decision released November 24, 1992

*Martin Zeldis,* assistant public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Mark Brodsky,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault in the third degree of a victim over the age of sixty in violation of General Statutes § 53a-61a,[1] assault in the third degree in violation of General Statutes § 53a-61[2] and two counts of unlawful restraint in the second degree in violation of General Statutes § 53a-96.[3] The defendant claims that the trial court improperly (1) denied his motion for judgment of acquittal concerning one of the counts of unlawful restraint because of insufficiency of the evidence, (2) failed to uphold the defendant's constitutional right of due process by failing to instruct the jury as to the specific nature of the charges against him and by failing to differentiate between the victims, (3) failed to take steps to curb the prosecuting attorney's improper arguments, which are claimed to constitute prosecutorial misconduct, and (4) denied the defendant a fair sentencing hearing by proceeding to impose sentence before the completion of a psychiatric evaluation ordered by the court as a part of the presentence investigation.

The jury could reasonably have found the following facts. On December 28, 1989, the defendant was living with his parents, Gunther and Elvira Wolff, at the family residence at 438 Fern Street, West Hartford. Gunther Wolff, a sixty-five year old self-employed engineer, was working in his second floor study at about

---

[1] General Statutes § 53a-61a (a) provides: "A person is guilty of assault of a victim sixty or older in the third degree, when he commits assault in the third degree under section 53a-61 and the victim of such assault has attained at least sixty years of age . . . ."

[2] General Statutes § 53a-61 (a) provides: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon."

[3] General Statutes § 53a-96 (a) provides: "A person is guilty of unlawful restraint in the second degree when he restrains another person."

4 p.m. when the defendant entered the study. The defendant told Gunther that he wanted to use some of the tools that Gunther had stored there. When his father declined to permit the defendant access to the tools, the defendant attempted to obtain them by force, throwing his father to the floor and keeping him pinned down to the floor by kneeling on his legs. During the next forty-five minutes, approximately, the defendant kept his father pinned to the floor, lectured him, and occasionally banged his head against the floor.

At about 4:45 p.m., Elvira Wolff, who had been out, returned to the house. Alerted by noise upstairs, she entered the study on the second floor and saw her husband and the defendant on the floor. She screamed and attempted to pull the defendant off of his father. The defendant then verbally and physically assaulted his mother for a period of about sixty minutes. The defendant yelled at her and slapped her across the face and chest a number of times. Both victims wanted to leave the room, but were afraid to attempt to do so. Although there was a telephone in the room, neither victim attempted to use it. The defendant positioned himself between his parents and the door so that they could not leave without going around him. At one point, the defendant's father attempted to smash a window in the study in order to summon help, but was unsuccessful.

The defendant's mother told him that she expected guests for dinner and that she had to prepare the meal. The two victims and the defendant then went to the kitchen. Subsequently, the defendant's father asked the defendant if he could take a walk in the neighborhood. The defendant replied that they could leave whenever they wanted. Both parents left the house, went to the nearest telephone and contacted the West Hartford police department. When the police responded, they found the defendant in the garage, working under the

hood of an automobile. While his father was visibly upset, the defendant appeared calm and cooperative.

## I

The defendant first asserts that the trial court improperly denied his motions for judgment of acquittal concerning the charge of unlawful restraint arising out of his claimed conduct toward Elvira Wolff.[4] The defendant claims that there was insufficient evidence directed toward his conduct involving his alleged restraint of his mother to permit submission of that charge to the jury. We are not persuaded that the evidence was insufficient.

The record discloses that the defendant made a motion for judgment of acquittal at the close of the state's case pursuant to Practice Book § 884. The trial court denied this motion. The defendant then proceeded to offer evidence on his own behalf. Under the existing rules, when a defendant elects to put on evidence after a denial of his motion for judgment of acquittal at the end of the state's evidence, he is deemed to have waived his right to appellate review as to the sufficiency of the evidence at the completion of the state's case. *State* v. *Booker,* 28 Conn. App. 34, 41–42, 611 A.2d 878, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992); *State* v. *Kari,* 26 Conn. App. 286, 291, 600 A.2d 1374 (1991), appeal dismissed, 222 Conn. 539, 608 A.2d 92 (1992).[5]

[4] Even though our resolution of this case on the issue of the jury charge would appear dispositive because the other issues are unlikely to arise in a retrial, we must address the sufficiency of the evidence claim since the defendant would be entitled to an acquittal of the charge on which he claims insufficient evidence if he prevails on this claim. *State* v. *Dunn,* 26 Conn. App. 114, 123, 598 A.2d 658 (1991).

[5] We previously recognized in *State* v. *Booker,* 28 Conn. App. 34, 42 n.8, 611 A.2d 878, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992), that the Connecticut Supreme Court has acknowledged the criticism of the waiver rule and its possible implications regarding the constitutional rights of a criminal defendant. See, e.g., *State* v. *Simino,* 200 Conn. 113, 118 n.5, 509 A.2d 1039 (1986); *State* v. *Lizzi,* 199 Conn. 462, 464–65, 508 A.2d 16 (1986);

Thus, the defendant's claim with regard to the sufficiency of the evidence at the completion of the state's case is not reviewable. *State* v. *Booker,* supra, 41.

The record further discloses that the defendant next moved for judgment of acquittal at the completion of the court's instructions to the jury.[6] While the rules of practice contemplate motions for judgment of acquittal at the completion of the state's case-in-chief; Practice Book §§ 883 and 884; at the completion of all of the evidence; Practice Book §§ 883 and 885; and after a verdict of guilty; Practice Book § 899; nothing in the rules appears to contemplate the hybrid action taken by the defendant in this case. See footnote 6, supra.

Since the trial court, however, permitted the procedure and ruled on the motion, despite its untimeliness, we also will afford it the review to which it would be entitled under the waiver rule.[7] We thus review the entirety of the evidence taking into account both the evidence offered by the state and that offered by the defendant. *State* v. *Kari,* supra. We review all of the evidence presented in the light most favorable to sustaining the verdict. *State* v. *Dunn,* 26 Conn. App. 114, 124, 598 A.2d 658 (1991). We then determine whether, on the facts thus established and the inferences reasonably drawn therefrom, the jury could have reason-

*State* v. *Rutan,* 194 Conn. 438, 444, 479 A.2d 1209 (1984); *State* v. *Duhan,* 194 Conn. 347, 352, 481 A.2d 48 (1984). Since the waiver rule is still the existing law in this state, we apply it in this case.

[6] At the completion of the court's instructions to the jury, the trial court sought from counsel "any requests, changes, comments on the charge?" The defendant's counsel then proceeded as follows: "No comments as to your instructions, Your Honor, and no exceptions. I would ask the court and I should have done this perhaps yesterday, if I may renew my motion for judgment of acquittal as to each of the counts. . . ."

The trial court responded by advising counsel that he would take the motion under advisement pursuant to the rules of practice.

[7] We do not, however, intend by our review, to approve the practice followed by defense counsel and the trial court.

ably concluded that the cumulative effect of the evidence established the guilt of the defendant beyond a reasonable doubt. *State* v. *Sinclair,* 197 Conn. 574, 576, 500 A.2d 539 (1985); *State* v. *Dunn,* supra. We must also keep in mind that the defendant attacks the sufficiency of the evidence with respect to a single count only, the charge that he unlawfully restrained his mother. We afford great deference to findings of fact consistent with guilt unless they are improbable and unconvincing. *State* v. *Osman,* 218 Conn. 432, 437, 589 A.2d 1227 (1991).

The jury could reasonably have found that the defendant struck the victim a number of times and that she was restrained from leaving the study and later the kitchen because of her fear of the defendant. The jury could have found that the defendant restrained his mother by intimidation.

We conclude that the defendant's claim that the evidence was insufficient is without merit. If the case had been submitted to the jury under proper instructions and a guilty verdict returned as to the unlawful restraint claim involving Elvira Wolff, we would be satisfied that the evidence was sufficient to warrant a jury's returning a verdict of guilty.

## II

The defendant next claims that the trial court failed to instruct the jury as to the specific nature of the charges against him and failed to differentiate the factual basis of the claims against each victim. His claim is that the trial court's jury instructions were constitutionally defective in that they failed to relate the issues of law to the facts of the case. The defendant concedes that this claim was not properly preserved in the trial court, but claims that it is nonetheless reviewable under the doctrine of *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989).

Our standard of review in cases when the defendant claims that the instructions violate constitutional due process protections is whether the jury instructions were so deficient that it was reasonably possible that the jury was misled. *State* v. *Allen,* 28 Conn. App. 81, 84, 611 A.2d 886, cert. denied, 223 Conn. 920, 614 A.2d 826 (1992). We will reverse a conviction only if, "in the context of the whole, there is a reasonable possibility that the jury was misled in reaching its verdict." (Internal quotation marks omitted.) *State* v. *Scognamiglio,* 202 Conn. 18, 28, 519 A.2d 607 (1987); *State* v. *Nita,* 27 Conn. App. 103, 112, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329 (1992).

We first consider whether the instructions given by the trial court were so deficient as to implicate the constitutional right of the defendant to a fair trial. A jury instruction conforms with constitutional requirements if it provides jurors with a "clear understanding of the elements of the crime charged, and affords them proper guidance for their determination of whether those elements were present." (Internal quotation marks omitted.) *State* v. *Avila,* 223 Conn. 595, 602, 613 A.2d 731 (1992). "An instruction that fails to satisfy these requirements [violates] the defendant's right to due process of law as guaranteed by the fourteenth amendment to the United States constitution and article first, § 8, of the Connecticut constitution." Id., 603. "The due process clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *State* v. *Roque,* 190 Conn. 143, 157, 460 A.2d 26 (1983). "If justice is to be done . . . it is of paramount importance that the court's instructions be clear, accurate, complete and comprehensible, particularly with respect to the essential elements of the alleged crime. . . ." (Citation omitted; internal quotation marks omitted.) Id.

"[I]n reviewing jury instructions, our task is also to view the charge itself as part of the whole trial. . . ." (Citation omitted; internal quotation marks omitted.) Id. Where, as here, no specific requests to charge were filed nor exceptions taken to the charge, we do not engage in a microscopic examination of the charge, dissecting it line by line, nor do we consider the challenged portions of the charge in isolation. *State* v. *Fleming,* 198 Conn. 255, 268, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 U.S. 1797, 90 L. Ed. 2d 342 (1986); *State* v. *Allen,* supra. Rather, we examine the charge as a whole to determine whether the charge adequately guided the jury to a correct verdict. *State* v. *Fleming,* supra. "Jury instructions need not be exhaustive, perfect or technically accurate." (Internal quotation marks omitted.) *Preston* v. *Keith,* 217 Conn. 12, 17, 584 A.2d 439 (1991); *Lemonious* v. *Burns,* 27 Conn. App. 734, 740, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992). They must be correct in law, adapted to the issues presented in the case and sufficient to guide the jury in reaching a verdict. *Preston* v. *Keith,* supra; *Lemonious* v. *Burns,* supra.

A charge cannot be given in the abstract without reference to the evidence sufficient to provide guidance to the jury in arriving at a just result. See *Shelnitz* v. *Greenberg,* 200 Conn. 58, 72, 509 A.2d 1023 (1986). The jury instructions must assist the jury in "applying the law correctly to the facts which they might find to be established." *Jacques* v. *Carter,* 2 Conn. App. 27, 33, 476 A.2d 621 (1984). The charge must "go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven." *State* v. *Sumner,* 178 Conn. 163, 170–71, 422 A.2d 299 (1979). It must be viewed in the context of the factual issues raised at the trial. *State* v. *Kurvin,* 186 Conn. 555, 558, 442 A.2d 1327 (1983). The judge may not simply " 'lay

down the general principles applicable to a case and leave the jury to apply them, but it is his duty to inform the jury what the law is as applicable to the facts of the case.' " *Jacques* v. *Carter,* supra, 34, quoting *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 A. 913 (1926).

While most of the legal principles enunciated by the trial court were legally accurate, the charge failed to include a number of necessary principles required for a fair verdict. The trial court failed to relate adequately the abstract rules of law to the facts of the case. No facts were referred to by the trial court in its charge to the jury despite the four count information involving two victims, both of whom appear from the evidence to claim to be victims of assault and of unlawful restraint. This defect is especially telling where, as here, there are two victims involved with substantially similar allegations. The issues in this case were complicated, peculiar, and capable of differing constructions because the case involved two separate victims and similar crimes. It was unclear as to what count of the information applied to which victim. In such a case, "where the issues are complicated, peculiar, or capable of differing conclusions, comment by the court is necessary." *Jacques* v. *Carter,* supra, 33–34.

The court also failed to instruct the jurors that they must consider each of the criminal charges separately. Further, the trial court failed to explain to the jurors that the verdict that they reached on any one count did not control the verdict that they might reach on any other count of the information.

The jury could have concluded that the four counts all related to a single victim, or that the two counts of unlawful restraint related to the events that occurred in the study with the defendant's father and again in the kitchen with the same victim or that both assault counts related to two separate occurrences with the same victim.

We conclude that the lack of specificity in the jury instructions creates a reasonable possibility that the jury was misled by this factually and legally deficient charge and that the defendant's right to constitutional due process was thus violated. See *State* v. *Williams,* 182 Conn. 262, 438 A.2d 80 (1980). In light of our resolution of this issue and our conclusion that the deficiency of the charge mandates a new trial, we need not and do not reach the remaining issues.

Because our resolutions of the issues relating to the claim of sufficiency of evidence and the impropriety of the charge to the jury are dispositive of this appeal, a discussion of the other issues is unnecessary.

The judgment is reversed and the case is remanded for a new trial on all counts of the information.

In this opinion the other judges concurred.