STATE OF CONNECTICUT *v.* MICHAEL A. PATTERSON
(11399)

HEIMAN, FREEDMAN and SPEAR, Js.

Argued April 4—decision released August 9, 1994

*Elizabeth M. Inkster,* assistant public defender, for the appellant (defendant).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Carl E. Taylor,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of burglary in the third degree in violation of General Statutes § 53a-103.[1] The defendant was found not guilty of a single count of larceny in the fourth degree as defined by General Statutes § 53a-125. Following the jury verdict

---

[1] General Statutes § 53a-103 provides in pertinent part: "(a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

of guilty to the charge of burglary in the third degree, the defendant entered a plea of guilty to a charge of being a persistent serious felony offender as defined by General Statutes § 53a-40 (b).[2] On appeal, the defendant asserts that the trial court improperly (1) concluded that the evidence was sufficient to sustain a conviction of burglary in the third degree, and (2) charged the jury during its instructions concerning the crime of burglary in the third degree (a) by misstating the mental intent required to commit the offense, (b) by not advising the jury as to the crime that the state alleged the defendant intended to commit, and (c) by enlarging the offense charged, thereby violating the defendant's rights to due process and to notice as guaranteed to him by the federal and state constitutions.[3] We disagree and affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On November 28, 1988, Robert Blesso left his condominium at 8 Crown Ridge in Newington and returned at about 3 p.m. When he arrived at his home, he found police officers investigating a possible breaking and entering at his address.

Blesso observed that the front door of his home exhibited signs of having been pried open. Upon further investigation, he discovered that a ring and a gold Seiko wristwatch were missing from a jewelry box that he kept in the second floor master bedroom.

Earlier that day at approximately noon, John Rossier, a self-employed concrete contractor, and his assist-

[2] The defendant raises no issue on appeal with respect to his plea to being a persistent serious felony offender.

[3] The defendant failed to take a timely appeal from the judgment of conviction. Subsequently, the defendant sought a writ of habeas corpus and, as a result thereof, the habeas court ordered, by agreement of the parties, the restoration of the defendant's appellate rights. This appeal followed. See *Gibbs* v. *Mase,* 11 Conn. App. 289, 290, 526 A.2d 7 (1987).

ant, Brad Dubowski, had arrived at 8 Crown Ridge to repair a cracked foundation in the basement of Blesso's condominium. As they approached Blesso's condominium, the front door opened, a black male appeared in the doorway, and the door was immediately closed in their faces. Rossier knocked on the door several times, receiving no response. Rossier became suspicious and sent Dubowski to the corner of the building so that he would be in a position to observe anyone attempting to leave the area by way of the backdoor. Rossier observed a person run from the rear of the condominium, enter a white Chevrolet Beretta, and start to back down Kitts Lane.

Rossier ran to his truck, which was parked in front of the condominium unit, and pulled it into a position so as to cut off the Beretta. He observed the operator of the vehicle and recognized him as the person that had opened the front door of Blesso's condominium. The driver of the Beretta rolled down the window to speak with Rossier, giving Rossier an opportunity to observe the driver clearly. Rossier followed the Beretta and obtained the vehicle license plate number. He then went to a construction trailer and asked the developer to notify the Newington police.

Peter Lavery, a member of the Newington police department, responded to the complaint. Lavery traced the license plate number of the Beretta to a vehicle belonging to Budget Car and Truck Rental in Windsor Locks. That vehicle had been rented several days before the incident by Cameron Tappin, the defendant's brother.

On November 29, 1988, Tappin came to the Newington police station at the request of Lavery. He was driving the Beretta. Tappin informed Lavery that on the day of the crime, he took public transportation from his home to his place of employment at the Sage-Allen

store in Hartford. He left the Beretta and the keys to it at his home, to which the defendant had access. Tappin told Lavery that he had asked the defendant whether he had used the vehicle on the day of the crime and the defendant admitted that he had.

On the day following the incident, Rossier returned to Crown Ridge. At that time, he was shown a series of photographs and he picked out a photograph of the defendant, Michael Patterson, as being of the individual that he had seen in the doorway of Blesso's condominium and as the person that was operating the Beretta.

Rossier made an in-court identification of the defendant as the person whom he had observed opening the door of Blesso's condominium on November 28, 1988, and as the person whom he had observed operating the Beretta. Blesso testified that he did not know the defendant and that he had never given him permission to enter his premises.

The defendant was found guilty of burglary in the third degree in violation of General Statutes § 53a-103, but not guilty of larceny in the fourth degree. He further pleaded guilty to being a persistent serious felony offender. This appeal followed.

I

The defendant first asserts that his conviction cannot be permitted to stand because the evidence produced against him was insufficient, as a matter of law, to sustain a conviction of the crime of burglary in the third degree. We disagree.

A

As a preliminary matter, we first turn our attention to the procedural posture of the case. The record discloses that, at the completion of the state's case-in-chief,

the defendant moved for a judgment of acquittal pursuant to Practice Book § 884.[4] The trial court denied the defendant's motion. As is his right, the defendant elected to offer evidence in his own behalf. The record further discloses that at the completion of all of the evidence, the defendant failed to move for a judgment of acquittal pursuant to Practice Book § 885. The defendant claims, however, that he properly preserved the issue of evidentiary insufficiency by moving for a judgment of acquittal after the verdict of guilty. See Practice Book § 899. The record does not support this claim. The transcript of the proceedings reveals that after the rendition of the guilty verdict, the defendant orally moved "for judgment notwithstanding the verdict."[5] No other form of postjudgment motion was ever requested orally or filed in writing by the defendant.

Under our present rules, when a defendant puts on evidence after a denial of a motion for judgment of acquittal at the completion of the state's case, he is deemed to have waived his right to appellate review as to the sufficiency of the evidence as it existed at the completion of the state's case-in-chief. *State* v. *Roy,* 34 Conn. App. 751, 765, 643 A.2d 289 (1994); *State* v. *Battista,* 31 Conn. App. 497, 502, 626 A.2d 769, cert. denied, 227 Conn. 907, 632 A.2d 696 (1993); *State* v. *Wolff,* 29 Conn. App. 524, 527, 616 A.2d 1143 (1992). Thus, the defendant's claim with respect to the sufficiency of the evidence at the completion of the state's case is not reviewable. *State* v. *Booker,* 28 Conn. App.

[4] Practice Book § 884 provides: "If the motion is made after the close of the prosecution's case in chief, the judicial authority shall either grant or deny the motion before calling upon the defendant to present his case in chief. If the motion is not granted, the defendant may offer evidence without having reserved the right to do so."

[5] We note that a motion for judgment notwithstanding the verdict is not one cognizable under our rules of practice. See Practice Book §§ 897 through 905 for postjudgment motions recognized under our rules of practice and times for filing such motions.

34, 41, 611 A.2d 878, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992); *State* v. *Wolff,* supra, 528.

The defendant also failed to preserve properly his appellate right to a review of the sufficiency of the evidence at the conclusion of all of the evidence or after the rendition of the verdict of guilty by failing to move for judgment of acquittal at either of these times. See *State* v. *Roy,* supra, 34 Conn. App. 766; *State* v. *Harvey,* 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992).

The defendant posits, however, that in the event that we conclude, as we do, that he failed to preserve properly his claim of evidentiary insufficiency as to the entirety of the evidence, he is nonetheless entitled to review under a claim that due process of law under both the state and federal constitutions demands that no person be convicted on evidence that is not sufficient to establish each element of the offense charged beyond a reasonable doubt.[6] He thus claims a right of review pursuant to the mandate of *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[7]

---

[6] The defendant claims that the insufficiency of the evidence violated his rights under both the state and federal constitutions. See U.S. Const., amend. XIV; Conn. Const., art. I, § 8. Since the defendant has failed to provide us with an independent analysis of the state constitutional claim, we decline to consider the state constitutional claim and shall limit our analysis to the relevant federal constitutional claim. *State* v. *Hamilton,* 228 Conn. 234, 246 n.10, 636 A.2d 760 (1994); *State* v. *Andrews,* 33 Conn. App. 590, 592 n.3, 637 A.2d 787, cert. denied, 229 Conn. 908, 640 A.2d 121 (1994).

[7] We have concluded that the defendant failed to preserve properly his claim of evidentiary insufficiency, but that, as an alternative to proper preservation, he claims review pursuant to *State* v. *Golding,* supra, 213 Conn. 239–40. Our Supreme Court, following the dictate of the United States Supreme Court in *Jackson* v. *Virginia,* 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), has held that "any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right, and would therefore necessarily meet the four prongs of *Golding.*" *State* v. *Adams,* 225 Conn. 270, 276 n.3, 623 A.2d 42 (1993). Thus, we conclude

## B

The defendant in his claim of evidentiary insufficiency focuses on that part of the burglary statute that requires that the state prove beyond a reasonable doubt that the defendant intended to commit a crime within the building. General Statutes § 53a-103 (a). The defendant posits that, since the jury acquitted him of the crime of larceny in the fourth degree, and since there was no evidence of an intent to commit a crime other than larceny, that the defendant could not properly be convicted of burglary since that would, under the facts of this case, be inconsistent with the fact of his acquittal on the larceny count. We are unpersuaded.

We begin our analysis by pointing out that burglary and larceny are two separate and distinct crimes. *State* v. *Little,* 194 Conn. 665, 676, 485 A.2d 913 (1984); *State* v. *Fields,* 31 Conn. App. 312, 328, 624 A.2d 1165, cert. denied, 226 Conn. 916, 628 A.2d 989 (1993). The fact that no actual larceny was committed does not bar a conviction of the defendant for the crime of burglary even where the crime alleged to have been intended was larceny. *State* v. *Little,* supra, 675–76. The crime proscribed by the provisions of General Statutes § 53a-103, is committed completely once a person enters or remains unlawfully in a building with the intent to commit a crime therein. Id., 675. The evidence produced at trial was sufficient to establish this intent.

"When we are called on to review a sufficiency of the evidence claim, we impose a two part analysis. We first construe the evidence in the light most favorable to sustaining the verdict. *State* v. *Salz,* 226 Conn. 20,

that there is no practical reason for engaging in a *Golding* analysis of a claim based on the sufficiency of the evidence and we will thus review the defendant's challenge to the sufficiency of the evidence as to the charge of burglary in the third degree as we do any properly preserved claim.

31, 627 A.2d 862 (1993); *State* v. *Rivera,* 32 Conn. App. 193, 200–201, 628 A.2d 996, cert. denied, 227 Conn. 920, 632 A.2d 698 (1993); *State* v. *Hooks,* 30 Conn. App. 232, 238, 619 A.2d 1151, cert. denied, 225 Conn. 915, 623 A.2d 1025 (1993). We next determine whether, from that evidence and all the reasonable inferences that flow from the evidence, a trier of fact could reasonably find that the defendant was guilty beyond a reasonable doubt. *State* v. *Salz,* supra [31]; *State* v. *Rivera,* supra [200–201]." *State* v. *Reddick,* 33 Conn. App. 311, 332, 635 A.2d 848 (1993), cert. denied, 228 Conn. 924, 638 A.2d 38 (1994).

The issue of the intent of the defendant is one of fact to be resolved by the jury. *State* v. *Hoeplinger,* 206 Conn. 278, 299, 537 A.2d 1010 (1988); *State* v. *Perez,* 10 Conn. App. 279, 283, 523 A.2d 508, cert. denied, 203 Conn. 810, 525 A.2d 524 (1987). It is the right and duty of the jurors to draw all reasonable and logical inferences from the facts as they find them to exist. *State* v. *Reddick,* supra, 33 Conn. App. 332. The jury has the further duty of determining the credibility of the witnesses and weighing the effects of conflicting evidence. *State* v. *Pinnock,* 220 Conn. 765, 778–79, 601 A.2d 521 (1992); *State* v. *Reddick,* supra, 333. "If evidence, whether direct or circumstantial, should convince a jury beyond a reasonable doubt that an accused is guilty, that is all that is required for a conviction. *State* v. *Smith,* 138 Conn. 196, 200, 82 A.2d 816 (1951); *State* v. *Rivera,* supra, [32 Conn. App.] 202.

"The test for determining whether the evidence is sufficient to sustain a verdict is thus whether the [trier of fact] could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. . . . *State* v. *Rivera,* supra, [32 Conn. App. 202], quoting *State* v. *Haddad,* 189 Conn. 383, 387,

456 A.2d 316 (1983)." (Internal quotation marks omitted.) *State* v. *Reddick,* supra, 33 Conn. App. 333.

Our review of the evidence satisfies us that the evidence relating to the intent of the defendant to commit a crime within the building satisfies that test.

In considering the evidence introduced in a case, "[j]uries are not required to leave common sense at the courtroom door"; *State* v. *Maxwell,* 29 Conn. App. 704, 710, 618 A.2d 43 (1992), cert. denied, 225 Conn. 904, 621 A.2d 287, cert. denied,      U.S.    , 113 S. Ct. 3057, 125 L. Ed. 2d 740 (1993); nor are they "expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts in hand, to the end that their action may be intelligent and their conclusions correct." *State* v. *Little,* supra, 194 Conn. 674; *State* v. *Scielzo,* 190 Conn. 191, 198 n.11, 460 A.2d 951 (1983), quoting *Frankovitch* v. *Burton,* 185 Conn. 14, 22, 440 A.2d 254 (1981).

In addition, we recognize that " '[g]enerally, intent can only be proved by circumstantial evidence, and, being a mental state, it is proved by the conduct of that person whose conduct is being scrutinized.' " *State* v. *Fields,* supra, 31 Conn. App. 328, quoting *State* v. *Little,* supra, 194 Conn. 675. " 'There is no legal distinction between direct and circumstantial evidence so far as probative force is concerned.' " *State* v. *Little,* supra, 673, quoting *State* v. *Cari,* 163 Conn. 174, 179, 303 A.2d 7 (1972). The inferences that the jury draws from the facts proven must be reasonable and logical and not the result of speculation or conjecture. *State* v. *Weinberg,* 215 Conn. 231, 255, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990).

Our review of the cumulative effect of the evidence and the reasonable and permissible inferences to be

drawn therefrom require that this verdict must be permitted to stand. The jury had before it evidence that entry to the building was gained by the use of an implement to pry open the front door by force. It had before it evidence that when the defendant opened the front door and observed the two workmen approaching, he quickly closed the door and vacated the premises through the backdoor. The jury also had before it evidence that the defendant immediately left the area in an automobile, attempting to escape detection or apprehension. All of these factors, taken cumulatively, permit a reasonable inference, based on human experience, that the defendant entered the building with the intent to commit a crime therein; *State* v. *Little,* supra, 194 Conn. 675; and, further, given the method of forcible entry, that the crime intended to be committed was that of larceny. *State* v. *Maxwell,* supra, 29 Conn. App. 710.

"Common experience tells us that an [attempted] unlawful entry into a dwelling . . . is not without purpose. Nor are people accustomed to [attempt] to enter homes of strangers [by using implements to pry open the door] for innocent purposes. To any person of ordinary intelligence, the expected by-product of a surreptitious unlawful entry into the home of another is theft." (Internal quotation marks omitted.) Id., 710, quoting *State* v. *Zayas,* 195 Conn. 611, 617, 490 A.2d 68 (1985).

Our review of the evidence convinces us that there was more than sufficient evidence to establish beyond a reasonable doubt that the defendant intended to commit the crime of larceny within the building and that the defendant's claim to the contrary is without merit.

## II

The defendant next asserts that the trial court in its charge to the jury misstated the requisite mental state, failed to apprise the jury of the crime that the state

alleged the defendant intended to commit, and improperly enlarged the offense charged in violation of the defendant's federal and state constitutional rights to due process of law and to notice. The defendant concedes, as he must, that this claim was not properly preserved in the trial court,[8] but claims that it is nonetheless reviewable under the doctrine of *State* v. *Golding,* supra, 213 Conn. 239–40.

"Our standard of review in cases when the defendant claims that the instructions violate constitutional due process protection is whether the jury instructions were so deficient that it was reasonably possible that the jury was misled." *State* v. *Wolff,* supra, 29 Conn. App. 530. We need reverse a conviction only if, "in the context of the whole, there is a reasonable possibility that the jury was misled in reaching its verdict." (Internal quotation marks omitted.) *State* v. *Scognamiglio,* 202 Conn. 18, 28, 519 A.2d 607 (1987); *State* v. *Nita,* 27 Conn. App. 103, 112, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329, cert. denied,      U.S. , 113 S. Ct. 133, 121 L. Ed. 2d 86 (1992).

We must first determine whether the instructions given by the trial court were so defective as to implicate the constitutional right of the defendant to receive a fair trial. A charge to the jury conforms to the constitutional imperative if it provides the jurors with a "clear understanding of the elements of the crime charged, and affords them proper guidance for their determination of whether those elements were present." (Internal quotation marks omitted.) *State* v. *Avila,* 223 Conn. 595, 602, 613 A.2d 731 (1992); *State* v. *Wolff,* supra, 29 Conn. App. 530. "An instruction that fails to satisfy these requirements would violate the defendant's right to due process of law as guaran-

---

[8] The transcript reflects that the defendant affirmatively said that he had no exceptions to the charge. The record is devoid of any requests to charge filed on behalf of the defendant. See Practice Book § 852.

teed by the fourteenth amendment to the United States constitution and article first, § 8, of the Connecticut constitution." *State* v. *Avila,* supra, 603. "The due process clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime[s] with which he is charged." *State* v. *Roque,* 190 Conn. 143, 157, 460 A.2d 26 (1983).

When we review jury instructions, we are obligated to view the charge itself in the context of the whole trial. *State* v. *Wolff,* supra, 29 Conn. App. 531. Where, as here, no requests to charge were filed nor exceptions to the charge taken, "we do not engage in a microscopic examination of the charge, dissecting it line by line, nor do we consider the challenged portions of the charge in isolation." Id. Rather, we examine the charge as a whole to determine whether the charge adequately guided the jury to a correct verdict. *State* v. *Fleming,* 198 Conn. 255, 268, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986); *State* v. *Wolff,* supra, 531. "Jury instructions need not be exhaustive, perfect or technically accurate." (Internal quotation marks omitted.) *Preston* v. *Keith,* 217 Conn. 12, 17, 584 A.2d 439 (1991); *State* v. *Wolff,* supra, 531; *Lemonious* v. *Burns,* 27 Conn. App. 734, 740, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992). To pass constitutional muster, jury instructions must be correct in law, adapted to the issues in the case and sufficient to guide the jury in arriving at a verdict. *State* v. *Wolff,* supra, 531. The test that we apply to any part of the charge is whether the charge as a whole presents the case to the jury in such a manner that no injustice is perpetrated. *State* v. *Derrico,* 181 Conn. 151, 170, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980); *State*

v. *Andrews,* 29 Conn. App. 533, 540, 616 A.2d 1148 (1992), cert. denied, 224 Conn. 924, 618 A.2d 531 (1993).

We turn first to the assertion by the defendant that the charge was constitutionally defective because the trial court failed to charge the jury specifically as to the specific crime or crimes the evidence might show the defendant intended to commit and failed to explain the elements of such crimes. We are unpersuaded.

We have already set out the engine that drives our examination of this claim: whether it is reasonably possible, considering the charge as a whole, that the jury was misled. *State* v. *Avila,* supra, 223 Conn. 607. The determination of whether a charge is possibly misleading depends on the substance rather than the form of what is said. *State* v. *McMurray,* 217 Conn. 243, 253, 585 A.2d 677 (1991); *State* v. *Zayas,* supra, 195 Conn. 617.

Although in this instance the trial court did not explicitly instruct the jury as to the nature of the crimes that the jury could find that the defendant intended to commit within the building, the charge was not misleading. See *State* v. *Smith,* 194 Conn. 213, 220, 479 A.2d 814 (1984). First, the court clearly set forth that the intent to commit a crime was a necessary element of burglary separate and apart from breaking into or remaining unlawfully in a building. Thus, the jury could not have been misled into using evidence of the defendant's entry and his presence in the building to find that he intended to commit a crime therein. Second, the defendant was charged with the crime of larceny and the trial court clearly explained the necessary elements of the crime of larceny in connection with its charge to the jury on that separate count. The trial court also made clear that the intent to commit the crime must exist at the time of the entry into or the remaining in

the building, and it was not necessary that the intended crime be accomplished. Third, the jury had before it a bill of particulars filed by the state setting forth that the crime the defendant intended to commit on the premises was the crime of larceny, on which the trial court had fully instructed the jury during its discussion of the crime of larceny in the fourth degree.

We conclude, on the basis of our examination of the charge as a whole; *State* v. *Avila,* supra, 223 Conn. 607; that there is no reasonable possibility that the jury was misled by the failure of the trial court to instruct the jury specifically that the crime that the evidence would support as that intended to be committed by the defendant was larceny. See *State* v. *Smith,* supra, 194 Conn. 213.

Our resolution of this issue should not be construed as an approval of the charge as given. As our Supreme Court has already pointed out in a similar situation, "[t]he better practice would have been to instruct the jury on the statutory names and definitions of specific crimes for which there was sufficient evidence of an intent to commit." Id., 220.

We discuss the balance of the defendant's unpreserved claims together. We conclude that the defendant cannot, with respect to the balance of his attacks on the jury charge, satisfy the third prong of *State* v. *Golding,* supra, 213 Conn. 239–40.[9]

---

[9] *State* v. *Golding,* supra, 213 Conn. 239–40, requires that in order to prevail on a claim of unpreserved constitutional error, that the defendant must meet all of the following four conditions: "(1)the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness beyond a reasonable doubt." We are free, however, to

The defendant claims that the trial court's charge with respect to the intent required to commit the crime of burglary improperly commingled the concepts of "knowingly" and "intentionally" when charging on the requisite intent necessary to support the commission of the crime of burglary in the third degree. He also asserts that the trial court's charge improperly enlarged the offense with which he was charged. We are convinced that the defendant has failed to meet the third *Golding* prong.[10]

We have reviewed the charge as a whole as we are required to do. *State* v. *Avila,* supra, 223 Conn. 607; *State* v. *Andrews,* supra, 29 Conn. App. 540. On the basis of our review of the charge as a whole, we conclude that the charge properly and adequately instructed the jury as to the elements of the crimes charged, did not in any way misstate or confuse the requisite mental state necessary for the defendant to have committed the crime of burglary in the third degree, and did not in any way enlarge or expand the potential criminal liability of the defendant. The charge was consistent with the elements of the crime required to be proven to establish a violation of General Statutes § 53a-103. Further, the charge as a whole presented the case to the jury in such a manner that no injustice was done. *State* v. *Derrico,* supra, 181 Conn. 170; *State* v. *Andrews,* supra, 540. Because the

dispose of the claim by focusing on the condition that appears most relevant under the circumstances of the case. *State* v. *Andrews,* supra, 29 Conn. App. 537.

[10] We recognize, as we have previously said, that "[t]he first two conditions [of *Golding* review] are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself." *State* v. *Crosby,* 34 Conn. App. 261, 264, 641 A.2d 406 (1994). Thus, although we continue to use the *Golding* language of entitlement to review with respect to the third prong, we recognize that, in effect, when we conclude under that prong, we have actually afforded some degree of review to the claim.

defendant cannot show that constitutional violations clearly exist and clearly deprived him of a fair trial, we will not review his claims. *State* v. *Golding,* supra, 213 Conn. 239–40;[11] *State* v. *Andrews,* supra, 533.

The judgment is affirmed.

In this opinion the other judges concurred.