## STATE OF CONNECTICUT v. JASPER McFADDEN
(9022)

DALY, NORCOTT and LANDAU, Js.

Argued January 15—decision released July 2, 1991

*Jeremiah Donovan,* special public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Kevin McMahon,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals the trial court's judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). The defendant claims that (1) the

trial court improperly failed to charge the jury that it had to agree unanimously which of four objects was the "dangerous instrument" used by the defendant in his assault on the victim, and (2) he was deprived of a fair and unbiased jury due to the combined effect of the court's jury instruction that the jury was to serve "as an arm of the court" and of the prosecutor's highly personal style of advocacy.[1]

From the evidence adduced at trial, the jury reasonably could have found the following facts. On February 2, 1989, a correction officer was escorting inmates at the Morgan Street detention center in Hartford from the cafeteria to a holding area. After four or five inmates had entered the holding area, the officer heard a commotion and saw the defendant, whom he knew, punch the victim two times in the face and once in the chest, knocking him to the floor. While the victim was on the floor, the defendant kicked him in the head, spinning him halfway around. The defendant then stomped on the victim with his shod foot pushing him against the concrete floor. During this incident, the defendant called the victim a "snitch."

The defendant was charged, by a substitute information in one count, with assault in the first degree in violation of § 53a-59.[2] The information specifies that

[1] The defendant also claims that (1) the information against him should have been dismissed because the arrest warrant did not contain the defendant's correct address, (2) the trial court's acceptance of a substitute information against him prior to the jury's being sworn violated his rights, and (3) one of the state's witnesses should not have been permitted to testify because of prior inconsistent statements. These claims were not preserved at trial, and we decline to consider them. See *State* v. *King*, 216 Conn. 585, 590, 583 A.2d 896 (1990); *State* v. *Wilson*, 178 Conn. 427, 436, 423 A.2d 72 (1979).

[2] General Statutes § 53a-59 provides in pertinent part: "ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to dis-

the defendant, in violation of § 53a-59 (a) (1), "acting with the intent to seriously injure [the victim] did first punch him defenseless and then using his feet, footwear and the hard cement floor, stomped the victim to the point that he received serious physical injury . . ." and, in violation of § 53a-59 (a) (3), "did hit and stomp in a manner that evinced an extreme indifference for the life of [the victim] and his conduct created a risk of death to [the victim] and thereby caused serious physical injury to [the victim]." The jury convicted the defendant of assault in the first degree by means of a dangerous instrument, § 53a-59 (a) (1).

The defendant first claims that the dangerous instrument involved in this case was never specifically identified in the information or at trial, and, therefore, the jury could not have agreed unanimously on which object, the defendant's fist, his foot, his footwear, or the floor, was the dangerous instrument.[3] The defendant further asserts that the court should have instructed the jury that it had to agree unanimously which object was the dangerous instrument involved, and that the court's failure to give such a unanimity charge deprived him of a unanimous verdict as guaranteed under the sixth amendment to the United States constitution, article first, §§ 8 and 19 of the Connecticut constitution, and Practice Book § 867.[4]

figure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person."

[3] A dangerous instrument is defined as "any instrument, article or substance which, under the circumstances in which it is used . . . is capable of causing death or serious physical injury . . . ." General Statutes § 53a-3 (7).

[4] Practice Book § 867 provides in pertinent part that "[t]he verdict shall be unanimous . . . ."

Our Supreme Court has recently reiterated our policy of declining to consider criminal state constitutional claims in the absence of an independent

Although the defendant failed to preserve this claim for appellate review either by requesting a specific unanimity instruction or by taking an exception to the court's instruction, this claim is reviewable under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), because it implicates the defendant's right to a unanimous verdict and a fair trial. *State* v. *John,* 210 Conn. 652, 690, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); *State* v. *Suggs,* 209 Conn. 733, 761, 553 A.2d 1110 (1989).

"The sixth amendment to the United States constitution guarantees criminal defendants charged with committing nonpetty offenses the right to a unanimous verdict when the jury consists of six members. *Burch* v. *Louisiana,* 441 U.S. 130, 138, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979); *State* v. *Bailey,* 209 Conn. 322, 332, 551 A.2d 1206 (1988); *State* v. *Benite,* 6 Conn. App. 667, 671, 507 A.2d 478 (1986); see Practice Book § 867." *State* v. *Ostolaza,* 20 Conn. App. 40, 50, 564 A.2d 324 (1989). In accordance with this unanimity requirement, the jurors must agree on the factual basis of the offense. Id. "The rationale underlying the requirement is that a jury cannot be deemed to be unanimous if it applies inconsistent factual conclusions to alternative theories of criminal liability." *State* v. *Bailey,* supra, 334; *State* v. *Suggs,* supra. " 'Where a trial court charges a jury that the commission of any one of several alternative acts would subject a defendant to criminal liability, a unanimity charge on a specific act is required only if two conditions are met: (1) the alternative acts are *conceptually distinct* from each other; *and* (2) the state has presented *supporting evidence* on each alternative act.' " (Emphasis in original.) *State* v. *Bailey,* supra;

analysis of the state constitutional provision at issue. *State* v. *Perez,* 218 Conn. 714, 723, 591 A.2d 119 (1991). We, therefore, consider only the defendant's federal constitutional claim.

*State* v. *John,* supra, 690–91; *State* v. *Suggs,* supra. Therefore, a specific unanimity charge is not required if "the defendant's conduct does not comprise 'separate incidents' implicating alternative or conceptually distinct bases of liability." *State* v. *John,* supra, 691.

The evidence indicates that the acts that occurred were part of a " ' "short continuous incident that cannot be factually separated" ' "; *State* v. *Suggs,* supra, 762; and, therefore, the court was not required to give a unanimity charge regarding which object was the dangerous instrument. In addition, the court properly instructed the jury that it must consider subdivisions (a) (1) and (a) (3) of § 53a-59 separately and "in order to convict him of either of these, your vote must be unanimous." The defendant was found guilty under § 53a-59 (a) (1). The jurors thus unanimously agreed that the defendant had injured the victim by means of a dangerous instrument. Therefore, the jury reached a consistent factual conclusion that the defendant was guilty of assault in the first degree under § 53a-59 (a) (1) and not under § 53a-59 (a) (3).

The defendant next claims that he was deprived of a fair and unbiased jury because of the combined effect of the trial court's jury instruction that the jury was to serve as "an arm of the court" and because of the prosecutor's highly personal style of advocacy, in particular, the prosecutor's reference to the defendant as a "hulk" and his use of the pronoun "I" in his closing argument. The defendant failed to preserve this claim and seeks review under *State* v. *Golding,* supra. Although a criminal defendant has the right to an impartial judge and an unprejudiced jury; *State* v. *Fernandez,* 198 Conn. 1, 10, 501 A.2d 1195 (1985); the defendant cannot prevail on this claim because the combined effect of these claimed errors did not deprive him of a fair trial. *State* v. *Golding,* supra, 239–40.

Where a defendant neither requests a specific instruction nor objects to the instruction that was given, reversal is warranted only if the defendant demonstrates that he was deprived of a fundamental constitutional right or that there is plain error. Practice Book § 4185; *State* v. *Grullon,* 212 Conn. 195, 211, 562 A.2d 481 (1989); *State* v. *Preyer,* 198 Conn. 190, 196–97, 502 A.2d 858 (1985). It is axiomatic that a jury charge must be read as a whole. *State* v. *Grullon,* supra, 204. In an appeal involving a constitutional question, "an attempt to assert reversible error by culling a single phrase or inaccurate statement [from the charge to the jury] must fail . . ."; *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147 (1974); unless it is reasonably possible that the jury was misled. *State* v. *Grullon,* supra.

The defendant directs our attention to the following portion of the court's jury instruction: "The state of Connecticut and its people look to you, on the other hand, as officers of the court, to deal with this case fairly, firmly, and honestly as strong-minded men and women, as with the trust placed in your hands, as an arm of the court, to aid and uphold the law of the land by rendering a verdict of guilty if the facts and the law requires such a verdict." The defendant claims that this is a clarion call to do one's duty in a war on crime and instructs the jurors to act as sheriffs or probation officers rather than as finders of fact. We do not agree.

A review of the charge in its entirety reveals that the court thoroughly instructed the jury as to the function of the court and the separate and distinct function of the jury to consider the evidence and to decide the question of the defendant's guilt or innocence. The court thoroughly informed the jury of the defendant's presumed innocence, the state's burden of proof and the state's aversion to convicting innocent people. The charge also clearly instructed the jurors to disregard any evidence of the defendant's past crimes that was

admitted only to impeach his credibility, and to focus solely on the defendant's guilt or innocence and not the possible punishment. Viewing the charge as a whole, we find that there is no reasonable possibility that the jury was misled regarding its duty; *State* v. *Grullon,* supra; *State* v. *Williams,* 182 Conn. 262, 268, 438 A.2d 80 (1980). The jury charge neither deprived the defendant of a fair trial nor constituted plain error.

With regard to the defendant's claim of prosecutorial misconduct during closing argument, this claim, on its own, does not warrant *Golding* review because " 'the claimed misconduct was not blatantly egregious and merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated throughout the trial' . . . ." *State* v. *Watlington,* 216 Conn. 188, 193, 579 A.2d 490 (1990); *State* v. *Somerville,* 214 Conn. 378, 393, 572 A.2d 944 (1990).

The combined effect of the challenged instruction and the prosecutor's conduct, therefore, did not deprive the defendant of a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.