[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RESPONDENT'S MOTION TO DISMISS
Pursuant to § 6-1 and § 64-1 of the Connecticut Rules of Practice, and in compliance with a request of the appellant in this matter, the undersigned submits the following written decision articulating its decisions of February 24, 2001, granting the CT Page 10042 respondent's motion to dismiss a petition for writ of habeas corpus and denying petitioner's oral motion to amend the habeas petition.
On January 25, 1990, the above-named petitioner was sentenced to a total effective sentence of eighteen (18) years in the custody of the Commissioner of Correction following his conviction of the crime of Assault in the First Degree in violation of § 53a-59 (a). This incident occurred in a correctional institution and involved an assault on another inmate. The conviction was affirmed on July 12, 1991, Statev. McFadden, 25 Conn. App. 171 (1991), cert. denied, 220 Conn. 906
(1991). McFadden has now filed a petition for a writ of habeas corpus alleging that he is illegally incarcerated on the grounds that he was denied the effective assistance of counsel during his trial. He further alleges that he was denied the effective assistance of habeas counsel during a hearing on a previous habeas petition.
In 1990, the petitioner filed a petition for a writ of habeas corpus concerning his conviction and resulting sentence. (First petition). In that petition McFadden alleged that he was denied the effective assistance of trial counsel resulting in an illegal conviction and sentence. His specific claims were that his trial counsel failed to challenge the jury array, failed to have the voir dire process recorded, failed to object to certain questions asked during the voir dire examination, failed to raise objections during the trial, and failed to argue points of law with the court. The petition was dismissed by the court (Scheinblum, J.) following an evidentiary hearing. McFadden, at his request, appeared pro se during that habeas proceeding.
On May 2, 1995, the petitioner filed another petition for a writ of habeas corpus (Second petition) again alleging ineffective assistance of counsel in his 1990 trial. In an amended petition filed by court appointed counsel on August 14, 2000, the petitioner alleges that his trial attorney's performance "fell below the ordinary skill expected from attorneys practicing criminal law in that he failed to introduce evidence that this failure prejudiced the outcome of the trial in that it is reasonably probable that introduction of the evidence would have not been resulted [sic] in the Petitioner being convicted . . ." The petitioner further claims that with respect to the hearing on his first habeas petition, "[h]abeas counsel's performance fell below the ordinary skill expected from individuals acting as habeas counsel in that they failed to raise the fact that trial counsel failed to introduce evidence . . . which prejudiced the outcome of the habeas hearing because it is reasonably probable introduction of such fact would have granted Petitioner a new trial."
The respondent State of Connecticut has filed a motion to dismiss the CT Page 10043 petition on the grounds that it constitutes a successive habeas petition, it is an abuse of the writ, and since the petitioner chose to represent himself during the first habeas proceeding he cannot now claim that he was denied the effective assistance of counsel. A hearing on this motion was conducted on February 26, 2001. After carefully reviewing the file, the pleadings, as well as the briefs and arguments of the parties, the court finds that the State has satisfied its burden of proving that the current petition for a writ of habeas corpus alleges the same ground of ineffective assistance of counsel that was presented in the first petition; that the petitioner's current factual claim concerning the ineffective assistance of trial counsel was available to him when he filed and argued the previous petition; and that the new petition is an abuse of the writ of habeas corpus.
The court finds that there are no new substantive claims in the current petition that were not pleaded in the former petition. Both the first and second petitions allege ineffective assistance of counsel. The allegation of ineffective assistance of counsel in the second petition is that trial counsel failed to call certain witnesses at the defendant's trial. It appears from the record that the names of those witnesses, and the fact that they were not called to testify at the trial, were known to the petitioner when he filed his first habeas petition. McFadden had an opportunity and an obligation to present all of his claims concerning ineffective assistance of counsel in the first petition. He failed to do so.
As to the petitioner's claim of ineffective assistance of habeas counsel, the court notes that the petitioner elected to act as his own counsel during the habeas proceeding. That was his choice and he has no one to blame but himself if he now feels that his presentation to the court was inadequate. The court does not agree with the petitioner's argument or reasoning that because the petitioner was permitted to appear pro se at his 1991 habeas hearing this court should consider the current habeas petition to be the initial petition and not a successive petition.
Counsel for the petitioner argues that he should be permitted to orally amend the second amended petition to include a claim that the petitioner was not properly canvassed by the habeas court when he sought to represent himself in the first petition. That issue was not even vaguely suggested, much less pleaded, in the petitioner's amended petition. It is unreasonable and untimely to attempt to orally amend a habeas petition during a hearing on a motion to dismiss the existing petition. That is especially true when, as in this case, the new claim being asserted involves a substantially different ground than that previously asserted, and is a matter about which the petitioner and his attorney were aware CT Page 10044 long before the date of the hearing. Indeed, on February 24, 2001, a month before the date of the hearing, counsel for the petitioner filed a brief with the court in opposition to the motion to dismiss. That brief includes a statement that the petitioner appeared pro se at his first habeas hearing but because no transcript of that proceeding is available "the record is silent as to whether or not his waiver of the statutory right to counsel was knowingly and effectively waived." Accordingly, the petitioner's oral motion to amend the petition and add a new count is denied.
The court is persuaded by the facts and legal authority submitted by the State that this is a successive petition and an abuse of the Writ of Habeas Corpus. Accordingly, the motion to dismiss is granted.
Terence A. Sullivan Superior Court Judge