## STATE OF CONNECTICUT *v.* DENNIS SMITH
## (12134)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 27—decision released December 27, 1994

*Theodore C. Morris,* with whom, on the brief were *David J. Elliott, Monique Rowtham-Kennedy* and *Deanna Dixon,* for the appellant (defendant).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John Waddock,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-59 (a) (1).[1] The jury acquitted the defendant of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and carrying a pistol without a permit in violation of General Statutes § 29-35.

The defendant claims that (1) the evidence was insufficient to support his conviction of conspiracy to commit assault in the first degree, (2) the trial court improperly refused to give a missing witness jury instruction or to require two witnesses to testify before the jury, and (3) the trial court improperly denied his motion to suppress pretrial identification of the defendant. We reverse the judgment of the trial court.

The jury could reasonably have found the following facts. Shortly after noon on April 8, 1991, the victim, Walter Traynham, accompanied by two friends, confronted Harold Smith concerning a motor vehicle accident and shooting that had occurred two weeks earlier. Harold Smith was also accompanied by two friends, Quinn Smith and an unidentified young male. The confrontation escalated until one of Traynham's friends punched Harold Smith in the face.

After being punched, Harold Smith went into a nearby auto parts store and returned with the defend-

---

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

ant who persuaded the group to disperse. Traynham and his group left the vicinity of the auto parts store and walked up the street toward a convenience store. The Smith group, including the defendant, followed them. There was no conversation among the members of the Smith group, nor were any weapons visible as they walked up the street. Traynham's group entered the convenience store followed shortly thereafter by the Smith group.

As soon as the defendant entered the store, he and Traynham began fighting. As the fray continued, Quinn Smith shouted, "Shoot him, shoot him," pulled a gun and started shooting at two members of Traynham's group. At this point, the defendant drew a revolver and shot Traynham, nonfatally, in the lower right abdomen.

The state charged the defendant with conspiring with Quinn Smith and Harold Smith to commit assault in the first degree. Additional facts are included with our analysis of the first issue.

The defendant argues that there was insufficient evidence to support a conspiracy conviction. More specifically, he contends that there was no evidence of an agreement between the defendant and any other person to commit the crime of assault in the first degree.

In reviewing a sufficiency of the evidence claim, this court first reviews "the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury." *State* v. *Gomez*, 225 Conn. 347, 350, 622 A.2d 1014 (1993). The court then determines whether, on the facts thus established and the inferences drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. Id., citing *State* v. *Lewis*, 220 Conn. 602, 606,

600 A.2d 1330 (1991), and *State* v. *Jarrett*, 218 Conn. 766, 770–71, 591 A.2d 1225 (1991).

"To establish the crime of conspiracy [to commit assault in the first degree], the state must show that there was an agreement between two or more persons to engage [in the crime of assault in the first degree] and that the agreement was followed by an overt act in furtherance of the conspiracy by any one of the conspirators. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Estrada*, 28 Conn. App. 416, 420, 612 A.2d 110, cert. denied, 223 Conn. 925, 614 A.2d 828 (1992).

It is fundamental criminal jurisprudence that the state is not required to prove the existence of a formal agreement between the coconspirators. *State* v. *Ghere*, 201 Conn. 289, 299, 513 A.2d 1226 (1986). It is sufficient to show that they knowingly engaged in a mutual plan to do a forbidden act. *State* v. *Holmes*, 160 Conn. 140, 149, 274 A.2d 153 (1970). Because conspiracies by their nature are generally clandestine arrangements, a conviction is usually based on circumstantial evidence. *State* v. *Vessichio*, 197 Conn. 644, 656, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986); *State* v. *Stellato*, 10 Conn. App. 447, 453, 523 A.2d 1345 (1987).

Conspiracy is a specific intent crime, with the intent divided into two parts: (1) intent to agree to conspire; and (2) intent to commit the offense that is the object of the conspiracy. *State* v. *Beccia*, 199 Conn. 1, 3–4, 505 A.2d 683 (1986). Accordingly, to sustain a conviction for conspiracy to commit assault in the first degree the state must show not only that the conspirators intended to agree but also that they intended to commit each of the elements of assault in the first degree. *State* v. *Estrada*, supra, 28 Conn. App. 421.

Thus, in the present case the state was required to prove, beyond a reasonable doubt, the intent to commit the following elements of assault in the first degree: (1) with intent to cause serious physical injury; (2) to another person; (3) the defendant caused such injury to that person; (4) by means of a deadly weapon. See *State* v. *Johnson,* 26 Conn. App. 433, 436, 602 A.2d 36, cert. denied, 221 Conn. 916, 603 A.2d 747 (1992). Intent is seldom susceptible of proof by direct evidence and must be proved by inference. *State* v. *Morrill,* 193 Conn. 602, 609, 478 A.2d 994 (1984).

It is the jury's function to draw whatever inferences it deems reasonable and logical. *State* v. *Dumlao,* 3 Conn. App. 607, 616, 491 A.2d 404 (1985). The jury, however, may not pluck these inferences from the ether. There must be sufficient evidence to support the inferences, otherwise they are not *reasonable* inferences and cannot support a conviction. *State* v. *Estrada,* supra, 28 Conn. App. 422. Once an inference has been reasonably found, it can be used as the basis for further inference. Id.

The evidence here showed that the defendant was not present at the initial altercation outside the auto parts store. He came out of the store and joined the Smith group, following the Traynham group down the street. There is no evidence, nor any reasonable inference that can be drawn, that the defendant knew that any other person in the Smith group possessed a gun and intended to use it to cause serious physical injury to Traynham. These facts are wholly insufficient to support an inference that the defendant entered into an agreement with anyone to commit the crime of assault in the first degree. Mere presence at the scene of the crime is insufficient to establish guilt of conspiracy. *State* v. *Lynch,* 21 Conn. App. 386, 392, 574 A.2d 230, cert. denied, 216 Conn. 806, 580 A.2d 63 (1990).

Even if Quinn Smith's statement, "Shoot him, shoot him," could, by any stretch of the imagination, support an inference that he and the defendant had agreed to shoot Traynham, it would not be enough. A coconspirator's statement by itself cannot be used to establish prima facie proof of conspiracy. Id., 391.

We agree with the defendant that the facts presented were not sufficient to permit the jury reasonably and logically to infer that the defendant had agreed to engage in assault in the first degree. Because our decision on the defendant's first claim is dispositive of the appeal, we do not reach his other claims.

The judgment is reversed and the case is remanded with direction to render judgment of not guilty of conspiracy to commit assault in the first degree.

In this opinion the other judges concurred.